# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                        )
    v.                  )      ID No. 1809013709
                        )
GABRIEL TURAY,        )
                        )
   Defendant.       )

## ORDER

On this 14th day of March, 2023, upon consideration of Defendant, Gabriel Turay's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On June 17, 2019, Defendant pled guilty to the charges of Strangulation and Theft Under $1500.[2]  On October 15, 2019, Defendant was sentenced to six years at Level V, suspended after three years and six months, followed by eighteen months Level III, with GPS monitoring.[3]

2. On January 18, 2023, Defendant filed this Motion for Reduction of Sentence, requesting his sentence be modified to remove the 18 months at Level III

---

[1] D.I. 34.

[2] D.I. 18.

[3] D.I. 25. Effective May 31, 2019, Defendant was sentenced as follows: (1) Strangulation, five years at Level V, suspended after three years and six months, for eighteen months Level III GPS, hold at Level V until space is available at Level III and (2) Theft, twelve months at Level V. The sentences are to run consecutively.

GPS monitoring requirement to 12 months at "supervised probation."[4]  In support, Defendant argues "Extraordinary Circumstances" in that his family has relocated out of state and they are his sole means of financial and recovery support.  Movant additionally asserts "Accountability" as he has completed DOC mandated programs and "Interstate Compact Filing," to indicate that while he is at Plummer Center (Level IV), he will be filing for interstate transfer in order to work in Lauren, MD.[5]

3.  Previously, Defendant has filed a Motion for Sentence Modification on two previous occasions.  On March 21st, 2022, Defendant filed such a motion, requesting that his Level V sentence for Theft under $1500 be modified to Level III probation to be served concurrently with the existing eighteen months already sentenced.[6] In that motion, Defendant asserted that he has completed an anger management program, and is enrolled in a GED class and a Road to Recovery program.[7]

4.  That motion was denied as it was barred as repetitive and that "no additional information [was] provided to the Court that would warrant a reduction or modification of [Defendant's] sentence."[8]

---

[4] D.I. 34
[5] *Id.*
[6] D.I. 32.
[7] *Id.*
[8] D.I. 33; *State v. Gabriel Turay*, ID No. 1809013709, Super. Ct. June 28, 2022, Rennie, J., ORDER.

5. Prior to that, Defendant, through counsel, submitted a motion for reduction of sentence on January 8, 2020.[9] The Court denied that on May 20, 2020, on the grounds that no information had been provided that would warrant a reduction of his sentence.[10]

6. Pursuant to Superior Court Criminal Rule 35(b), "["[t]he court *will not* consider repetitive requests for reduction of sentence."[11] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[12] The bar to repetitive motions has no exception.[13] The repetitive motion bar is applicable even when the request is for reduction or modification of probation.[14] Defendant's previous motion for modification of sentence[15] had been denied.[16] Therefore, this Rule 35(b) Motion is also barred as repetitive.

---

[9] D.I. 26.
[10] D.I. 31
[11] *Morrison v. State,* 846 A.2d 238, 2004 WL 716773, at *1-2 (Del. Mar. 24, 2004) (TABLE) (emphasis added).
[12] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[13] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002) (TABLE) (It is absolute and flatly "prohibits repetitive requests for reduction of sentence."). *See Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. July 14, 2008) (TABLE) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *see also Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) (TABLE) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").
[14] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015); *see also State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Mar. 11, 2015).
[15] D.I. 26.
[16] D.I. 31.

6. Further, Criminal Rule 35(b) permits a reduction or modification of sentence on "a motion made within 90 days after the sentence is imposed."[17] Defendant's most recently filed instant motion is not only barred as repetitive, but is time-barred, as well. Only two exceptions permit the Court to review a time-barred motion for reduction of sentence: upon a showing of "extraordinary circumstances by the movant, and upon an application of the Department of Corrections pursuant to 11 *Del. C.* § 4217.[18] As this is Defendant's motion, and not an application made pursuant to 11 *Del. C.* § 4217, he must show extraordinary circumstances to warrant review, which is his "heavy burden" to overcome.[19] Extraordinary circumstances are those that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[20]

7. In his motion, Defendant asserts that extraordinary circumstances exist because his family – his financial and emotional recovery support system – has relocated to Laurel, MD, "because of circumstances beyond his control."[21] This unsupported factual basis fails to meet Defendant's high burden for relief here.

---

[17] Superior Court Criminal Rule 35(b).
[18] *State v. Culp*, 152 A.3d at 145.
[19] *Id.*
[20] *Id.*, citing *Diaz v. State*, 2015 WL 1741768, *2 (Del. 2015) (internal quotations and citations omitted).
[21] Defendant's Motion, page 2.

4

8. Not only has no additional information has been provided to the Court from Defendant's previous submissions that would warrant a reduction or modification of this sentence, allowing an untimely, repetitive motion under Rule 35(b) would "end-run" the procedural bars set forth in the Rule and "risk overwhelming the courts and undercutting the finality of sentences."[22]   Accordingly, Defendant's Motion for Modification of Sentence is **DENIED**.

      **IT IS SO ORDERED.**

_____

Danielle J. Brennan, Judge

      Original to Prothonotary

Cc:   Gabriel Turay (SBI #00685012)
       Department of Justice
       Investigative Services

---

[22] *Culp*, 152 A.3d at 146-147.